UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SPENCER PIERCE,      )
                     )
                     )   3:10-cv-00239-ECR-VPC
       Plaintiff,    )
   v.                )   **REPORT AND RECOMMENDATION**
                     )   **OF U.S. MAGISTRATE JUDGE**
HOWARD SKOLNIK, *et al.,*  )
                     )
                     )   September 28, 2011
       Defendants.   )
_____)

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for temporary restraining order or preliminary injunction (#22).[1] Defendants opposed (#32), and plaintiff replied (#36). Plaintiff also requests to present physical evidence to support the motion for temporary retraining order or preliminary injunction (#23). Defendants opposed (#33), and plaintiff replied (#35). The court has thoroughly reviewed the record and the motions and recommends that plaintiff's motion for temporary restraining order or preliminary injunction (#22) be denied. The court recommends that plaintiff's motion to present physical evidence be denied as moot (#23).

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Spencer Pierce, ("plaintiff"), a *pro se* inmate, is incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#8, p. 3). Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint with this court, alleging a violation of his Eighth Amendment rights against director Skolnik (#3, p. 3). Pursuant to 28 U.S.C. § 1915A, the court screened plaintiff's claim and dismissed it with prejudice because plaintiff failed to allege that director Skolnik had knowledge of or participated in any alleged civil rights violation. *Id*. at 7. Plaintiff filed an amended complaint and names the following persons as defendants: NDOC

---

[1] Refers to the court's docket numbers.

Director Howard Skolnik, NDOC Medical Director Robert Bannister, ESP medical staff Dr. David Mar, Dr. Michael Koehn, Gregory Martin, Nursing Director Joseph Brackbill and ESP warden E.K. McDaniel (#5). Plaintiff's remaining claim after screening alleges that defendants were deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment rights. *Id.*[2]

Plaintiff also filed a motion for a temporary restraining order or preliminary injunction on November 9, 2010 which the court denied stating:

> In the instant case, plaintiff seeks an order directing prison officials to immediately refer him to a specialist. Although plaintiff has made allegations in the amended complaint to state cognizable medical claims, he has not established that he is likely to succeed on the merits of such claims. Nor has plaintiff shown that he is likely to suffer irreparable harm in the absence of preliminary injunction. The court notes that while plaintiff initiated this action in April 2010, he claims that he has been suffering back pain and related pain dating back to 2006. As such, plaintiff's motions for temporary restraining order or preliminary injunctive relief are denied. (#8, p. 5).

Plaintiff again requests that the court order defendants to send plaintiff to a neurologist for treatment for his back pain and injury (#22).

As with his first motion for injunctive relief, plaintiff alleges he suffers from back pain which has been causing "severe nerve damage to the back and lower extremities" since 2006 (#22, p. 2). Plaintiff has made twenty-five requests for treatment since 2006 and alleges that defendants have ineffectively treated plaintiff, refused to treat plaintiff, or have been personally informed of his ailments (#8; #22).[3] Plaintiff asserts that defendants refuse to properly treat plaintiff's chronic pain and refuse to send him to a specialist (#22, p. 2). Plaintiff also asks the court to issue an order for his transport to court so he can present physical evidence in support of his motion for a temporary restraining order or preliminary injunction (#23).

Defendants oppose plaintiff's motion and contend that plaintiff does not present relevant additional new facts since the court's last denial of his motion for temporary

---

[2] Plaintiff also named Joshua Connor as a defendant, but the court dismissed the claims against Mr. Connor upon screening the complaint pursuant to 28 U.S.C. § 1915A (#8).

[3] Plaintiff requested assistance by filing medical kites, grievances and emergency grievances (#22).

2

1  restraining order or preliminary injunction (#32, p. 5). Defendants also oppose plaintiff's
2  motion, stating that plaintiff cannot show that he is likely to succeed on the merits or that
3  he will suffer irreparable harm. *Id*. at 3. Defendants argue that plaintiff is not likely to
4  succeed on the merits because NDOC has responded to plaintiff's many complaints. *Id*. at
5  6. Defendants also oppose plaintiff's motion to present himself as physical evidence in
6  support of his motion for temporary restraining order or preliminary injunction. They assert
7  that the court can appreciate plaintiff's condition from the materials submitted and that this
8  extraordinary request is not warranted (#33).

9  In reply, plaintiff maintains that he is in danger of irreparable injury and that since
10  the time the initial motion for temporary restraining order or preliminary injunction was
11  denied, plaintiff has been referred by an ESP doctor to see a neurologist but that defendants
12  will not allow him to do so (#36, p. 2). Plaintiff believes that it is critical that he be
13  permitted to present himself as evidence to the court of the alleged irreparable injury and
14  likelihood of success of his claim (#35).

15  The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where
16  the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford
17  plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d
18  621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

19  **II. DISCUSSION & ANALYSIS**
20  **A.    Discussion**
21    **1.    Temporary Restraining Order Legal Standard**
22  A temporary restraining order is available when the applicant may suffer irreparable
23  injury before the court can hear the application for a preliminary injunction. 11A Charles
24  Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951
25  (3d. 1998); *see* Fed. R. Civ. P. 65(b). Requests for temporary restraining orders are
26  governed by the same general standards that govern the issuance of a preliminary injunction.
27  *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347, n. 2 (1977); *Los*
28  *Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir.

1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008))(citation omitted). Its sole purpose is to preserve the *status quo ante litem* (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2947 (3d ed. 2009) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). The instant motions require that the court determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 129 S.Ct. at 374 (2008).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

In *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d. 1052 (9th Cir. 2010), the court held that "'a preliminary injunction is appropriate when a plaintiff demonstrates . . . that

4

1  serious questions going to the merits [are] raised and the balance of hardships tips sharply
2  in the plaintiff's favor.' Of course, plaintiffs must also satisfy the other *Winter* factors,
3  including the likelihood irreparable harm." *Id.* (quoting *Lands Council v. McNair*, 537 F.3d
4  981, 986 (9th Cir. 2008)). The Ninth Circuit has also utilized a "sliding scale" or balancing
5  test where injunctive relief is available to a party demonstrating a combination of probable
6  success on the merits and the possibility of irreparable harm. *A & M Records, Inc. v.*
7  *Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

8  Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants
9  must satisfy additional requirements when seeking preliminary injunctive relief against
10 prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

15 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary
16 injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998
17 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction
18 of federal courts and to protect the bargaining power of prison administrators-no longer may
19 courts grant or approve relief that binds prison administrators to do more than the
20 constitutional minimum." *Gilmore*, 220 F.3d at 999.

21 **B.    Analysis**

22     **1.    Likelihood of Success on the Merits**

23 To obtain a preliminary injunction, plaintiff must offer evidence that there is a
24 likelihood he will succeed on the merits of his claim. *Johnson v. California State Bd. Of*
25 *Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). "Likelihood of success on the merits"
26 has been described as a "reasonable probability" of success. *King v. Saddleback Junior*
27 *College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970). Here, plaintiff's request for
28 injunctive relief relates to his section 1983 claim alleging that defendants violated his


Eighth Amendment rights when they were deliberately indifferent to his serious medical need.

### a.  Eighth Amendment Deliberate Indifference to a Serious Medical Need

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a

1 result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

2     In plaintiff's amended complaint, plaintiff explains that he has suffered from severe pain in his back, lower extremities, legs, and feet since 2006 (#5, p. 5). He also experiences muscle spasms and painful cramps, which cause plaintiff to fall. *Id*. He argues that defendants refuse to treat and properly diagnose his alleged severe back pain. *Id*. at 6. He further states that they refuse to send him to a specialist who can properly treat him. *Id*. at 7. Plaintiff admits that defendants have repeatedly examined plaintiff but believes that defendants have not given plaintiff anything for plaintiff's cramps and pain. *Id*. Further, defendants have not sent plaintiff to a specialist as plaintiff requested. *Id*.

    Defendants argue that while plaintiff alleges that defendants delayed and denied him treatment, the grievance forms plaintiff attaches reveal that defendants responded to his requests, providing him with pain packs, evaluating his condition, and prescribing pain medication as they deemed necessary (#22, p. 10-37). Plaintiff filed twenty-five medical kites and grievance forms to defendants. *Id*. Defendants responded to his requests for medication by disbursing pain medication. *Id*. at 11. When plaintiff requested to be seen by medical staff, defendants scheduled him for an examination, at times on the same day as his request. *Id*. at 13 & 18. Plaintiff himself states in a grievance form that medical staff have examined his leg cramps and spasms over fifty times. *Id*. at 25. On August 16, 2010, plaintiff asked if the doctor ordered treatment for plaintiff's back, leg, and spasm cramps and the prison official responded that nothing was ordered. *Id*. at 26. The court cannot infer the reason for this response, however absent a showing of intentional disregard for plaintiff's injury, defendants did not act with deliberate indifference. A delay in treatment or disagreement regarding treatment does not state an Eighth Amendment claim of deliberate indifference.

    Defendants do not argue that plaintiff's condition is not a serious medical need. The court agrees that plaintiff's condition may be a serious medical need. The injury plaintiff alleges is one "that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez*, 203 F.3d at 1131. However, plaintiff fails to present

1 evidence that he has a medical need that has been ignored, i.e. his back pain and muscle
2 spasms. Although plaintiff believes he needs to see a specialist immediately, prison medical
3 staff do not violate the Eighth Amendment simply because their opinion concerning medical
4 treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d
5 1337, 1344 (9th Cir. 1981). Plaintiff has not shown that defendants acted with deliberate
6 indifference when they did not send him to a specialist. Plaintiff believes that since
7 defendant Martin said he would refer plaintiff to specialist, that it was deliberately
8 indifferent to his alleged medical need for defendant Mar to deny this referral (#22, p. 34).
9 However, differing diagnoses do not evidence deliberate indifference unless plaintiff can
10 show that defendants' treatment protocols were "medically unacceptable." *Jackson v.
11 McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff is unlikely to succeed on the merits
12 because he fails to show a strong possibility of a deliberate indifference by defendants.

13       Therefore, this factor weighs in favor of defendants' position.

14       **2.     Likelihood of Irreparable Harm**

15       "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to
16 demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 129
17 S. Ct. at 375. "Issuing a preliminary injunction based only on a possibility of irreparable
18 harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy
19 that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."
20 *Id.* (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Courts
21 generally look at the immediacy of the threatened injury in determining whether to grant
22 preliminary injunctions." *Privitera v. Cal. Bd. of Med. Quality Assurance*, 926 F.2d 890,
23 897 (9th Cir. 1991).

24       Plaintiff states that he suffered irreparable injury as a result of prison officials'
25 indifference to his alleged serious medical need (#22). Plaintiff contends that in the absence
26 of an injunction, he is "subject to continued pain and possibl[y] more nerve damage." *Id.*
27 at 5. However, the court notes that while plaintiff initiated this action in April 2010, he
28 alleges that he has suffered from back-related pain since 2006. The defendants' professional

opinion does not indicate that plaintiff suffers from or will suffer from any nerve damage. In the absence of evidence to suggest that plaintiff requires immediate referral to a neurologist to prevent irreparable injury, the court leaves it to the sound discretion of the prison's medical staff to decide how best to treat plaintiff. A *possibility* of irreparable harm, as plaintiff alleges, does not warrant a temporary restraining order or preliminary injunction. *See Mazurek*, 520 U.S. at 972. Plaintiff has not demonstrated that immediate, irreparable injury is likely to occur without a preliminary injunction.

Therefore, this factor weighs in favor of defendants' position.

### 3. Balance of Hardships

The balance of hardships does not tip sharply in plaintiff's favor. As stated above, plaintiff fails to meet the requirements of likelihood of success on the merits or irreparable harm. Issuance of any preliminary injunctive relief would require this court to significantly interfere with the internal processes of the NDOC medical staff. Plaintiff's filing of this lawsuit will result in a determination regarding the adequacy of his medical care and plaintiff has not shown that during the pendency of this lawsuit he suffers immediate risk of injury related to his current treatment plan. Given that the court must accord "substantial weight" to the effects of injunctive relief on the operation of the prison, the court finds that the balance of hardships favors the defendants. *See* 18 U.S.C. § 3626(a)(2).

### 4. Public Interest

With respect to the public interest, the court must consider the public interest in issuing the injunction against the public interest in not issuing the injunction. Here, the public is not served where the court's order would interfere with the operations of a prison and cause the expenditure of state funds for medical treatment of uncertain benefit.

Therefore, plaintiff's motion for temporary restraining order or preliminary injunction (#22) is denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not shown that he is likely to succeed on the merits or that he will suffer

1  irreparable injury.  Nor has plaintiff presented new relevant information that differs from
2  what plaintiff presented in his prior motion for a temporary restraining order or preliminary
3  injunction.  The court recommends that plaintiff's motion for temporary restraining order
4  or preliminary injunction (#22) be **DENIED**.  The court recommends that plaintiff's motion
5  to present physical evidence be **DENIED** as moot (#23).

6  The parties are advised:

7  1.  Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
8  Practice, the parties may file specific written objections to this Report and Recommendation
9  within fourteen days of receipt.  These objections should be entitled "Objections to
10 Magistrate Judge's Report and Recommendation" and should be accompanied by points and
11 authorities for consideration by the District Court.

12 2.  This Report and Recommendation is not an appealable order and any notice of
13 appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
14 Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order or preliminary injunction (#22) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to present physical evidence (#23) be **DENIED** as moot.

**DATED**: September 28, 2011.

*Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**

10