UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPENCER PIERCE, | |
| Plaintiff, | 3:10-CV-0239-ECR-VPC |
| v. | **ORDER** |
| HOWARD SKOLNIK, *et al.,* | January 5, 2012 |
| Defendants. | |

Before the court is defendants' motion for reconsideration (#78). Defendants seek reconsideration of the court's November 30, 2011 report and recommendation (#77). Plaintiff has opposed the motion (#80). For the reasons articulated below, the court denies defendants' motion (#78).

## I. HISTORY & PROCEDURAL BACKGROUND

This court issued a report and recommendation on November 30, 2011 (#77), which recommended that the District Court deny defendants' motion for summary judgment (#58). The court found that defendants failed to submit admissible evidence because they failed to authenticate any of the exhibits attached to the motion for summary judgment (#77).

This court has frequently addressed counsel from the Office of the Attorney General's failure to authenticate its evidence submitted in support of a motion for summary judgment or motion to dismiss. *See*, *i.e., Sonntag v. Gurries*, 3:09-CV-0637-ECR (VPC) (#121); *Jones v. Skolnik*, 3:10-CV-0162-LRH (VPC) (#67); *Townsend v. Bannister*, 3:09-CV-0351-ECR (VPC) (#58); and *Breakman v. Koehn*, 3:10-CV-0633-ECR (VPC) (#49). This practice renders the court unable to resolve disputes on the merits, which in turn slows the disposition of cases. Summary judgment is a tool designed to increase judicial efficiency by allowing undisputed cases to be resolved without incurring the expense and time required for trial, and defense counsels' chronic oversight frustrates the purpose of Rule 56.

The court's report and recommendation also included the following standard language about the appropriate means by which parties may object to the Magistrate Judge's recommendations:

> Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

*Id.* at 2. Objections to the report and recommendation were due December 17, 2011.  Defendants filed their motion for reconsideration on December 13, 2011 (#78) defendants did not file an objection to the report and recommendation.

Defendants now move this court to "accept defendants proffered authentication documentation . . . and issue a revised report and recommendation . . . (#78)." Defendants attach declarations from Karen Walsh dated September 22, 2011 and Lorin Taylor dated December 1, 2011 (#78). Defendants state that the declaration of Karen Walsh was prepared and ready to be included but "inadvertently not included by some mistake" (#78, p. 5). The declaration of Lorin Taylor dated December 1, 2011 was obviously not prepared until after the report and recommendation was issued on November 30, 2011.  Defendants argue that reconsideration is warranted because some of the authentication "existed" but was "inadvertently omitted" and that "justice and judicial economy warrant granting reconsideration" *Id.* at 1-2.  Defendants fail to mention how any such reconsideration might prejudice plaintiff.

## II. DISCUSSION & ANALYSIS

A.   **Discussion**

   1.   **Motion to Reconsider an Interlocutory Order**

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders. *See, e.g.,* Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding").  However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules.  *See*

1  *id.* at 886-87. Although several districts in the Ninth Circuit have adopted local rules governing
2  reconsideration of interlocutory orders, *see Motorola, Inc., v. J.B. Rodgers Mechanical Contractors*,
3  215 F.R.D. 581, 583-85 (D. Ariz. 2003) (collecting examples), this court has not done so. Instead,
4  it has utilized the standard for a motion to alter or amend judgment under Rule 59(e) when
5  evaluating motions to reconsider an interlocutory order.

6        A motion to reconsider must set forth the following: (1) some valid reason why the court
7  should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of
8  reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).
9  Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2)
10 has committed clear error, or (3) there has been an intervening change in controlling law. *Kona*
11 *Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly
12 unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah Cnty., Or. v.*
13 *ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied
14 where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.
15 1985). By the same token, however, it "may *not* be used to raise arguments or present evidence for
16 the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.,*
17 *Inc.*, 229 F.3d at 890. As the case law indicates, motions to reconsider are granted sparingly. *See,*
18 *e.g., School Dist. No. 1J,* 5 F.3d at 1263.

19 **B.**     **Analysis**

20       Defendants do not present a rationale for their motion to reconsider that is contemplated by
21 the court in *Kona Enterprises, Inc.*, nor is this situation one of the "highly unusual[] circumstances
22 warranting reconsideration" discussed by the court in *School Dist. No. 1J*. Rather, defendants
23 suggest that this court should reconsider the report and recommendation in light of the declarations
24 they now supply, which they inadvertently forgot to attach to their previous motion for summary
25 judgment. Defendants believe that reconsideration is warranted on the grounds of "justice and
26 judicial economy" but fail to address how such reconsideration might affect plaintiff.

27
28

3

1    First, the court is unclear as to why defendants elected to file a motion for reconsideration instead of an objection to the report and recommendation pursuant to Local Rule 3-2.[1] Defendants offer no explanation for this decision. The deadline for filing such an objection has passed. Additionally, the court clarifies that a report and recommendation is not a final judgment or order. Rather, the District Court issues the final judgment or remands the case to the Magistrate Judge after its *de novo* review of "those portions of the specified findings or recommendation to which objections have been made." *See* LR 3-2(b). Therefore, as noted above, a Rule 60 motion for relief from judgment is inapplicable in this case. Instead, the court will proceed with its analysis pursuant to Rule 59(e).

Second, in light of the multiple orders this court has issued in the recent past concerning the failure of the Attorney General's Office to submit admissible evidence, it would be more accurate for defendants to characterize their "inadvertence" as an error. One of the authenticating declarations, the declaration of Lorin Taylor, now supplied by defendants is dated December 1, 2011 - the day after the report and recommendation was filed. Given this late date, it is evident that defendants did not develop this declaration in preparation for their motion for summary judgment, filed in early October. Instead, it appears that defendants' counsel simply failed to ensure that the exhibits were properly authenticated, the court noted this failure in its report and recommendation, and then defendants' counsel prepared at least one of the two declarations to support its present motion for reconsideration. Therefore, the court notes that defendants do not present new evidence that was previously unavailable; rather, they present one declaration that they omitted and one new declaration intended to correct their previous error. Remedying parties' errors is plainly not the objective of Rule 59(e).

Third, this circumstance is not unique in inmate litigation. As the court previously pointed out, this is one of numerous dispositive motions in recent history for which a lawyer from the Attorney General's office has failed to authenticate his or her evidence. Similarly, inmate plaintiffs

---

[1] This court has previously denied a motion to reconsider a report and recommendation on the same grounds. *See, i.e., Sonntag v. Gurries*, 3:09-CV-0637-ECR (VPC) (#127).

4

1  often make such procedural or evidentiary errors, which is understandable given that they most often
2  represent themselves, *pro se*. For example, the court often denies inmate plaintiffs' motions for
3  summary judgment because they failed to attach evidence to support factual assertions, *see, i.e.,*
4  *Sonntag v. Gurries*, 3:09-CV-0637-ECR (VPC) (#121). It would be unfair for the court to
5  accommodate defendants' error by granting their motion to reconsider, while not offering the same
6  opportunity to plaintiff. Clearly, a practice of allowing parties in inmate litigation to correct their
7  procedural errors via motions to reconsider is untenable, as matters would plod along at painfully
8  slow rate, clog the court's docket, and cause parties to wait unreasonable lengths of time for
9  resolution of their cases. Therefore, the court finds that defendants' failure to attach declarations to
10 their motion for summary judgment to authenticate their evidence does not warrant reconsideration.

### III. CONCLUSION

As motions for reconsideration should be granted sparingly and defendants have not presented any arguments to suggest that reconsideration is appropriate in this case, the court denies defendants' motion (#78).

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration (#78) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: January 5, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**