# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SPENCER PIERCE               )
                               )
        Plaintiff,          )     3:10-cv-00239-ECR-VPC
                               )
     v.                   )
                               )     **REPORT AND RECOMMENDATION**
                               )     **OF U.S. MAGISTRATE JUDGE**
                               )
HOWARD SKOLNIK, ET AL.    )
                               )     July 17, 2012
        Defendants.     )
_____)

      This Report and Recommendation is made to the Honorable Edward C. Reed, Senior United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion for summary judgment (#95).[1]  Plaintiff opposed (#99) and defendants replied (#100).[2]  The court has thoroughly reviewed the record and recommends that defendants' motion for summary judgment (#95) be granted.

## I.  HISTORY & PROCEDURAL BACKGROUND

      Plaintiff Spencer Pierce ("plaintiff"), a *pro se* inmate, is currently incarcerated at Iowa Medical and Classification Center (#89).  The facts giving rise to this complaint occurred while plaintiff was housed at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#38).  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights.  *Id.*  Plaintiff's remaining claims after screening include the following: (1) deliberate indifference claims against defendants Martin, Mar, Koehn, Brackbill, Jacobs, McDaniel, Skolnik, and Bannister.  *Id.*[3]  Defendants move for summary judgment on all of

---

[1]     Refers to the court's docket number.

[2]     The court granted defendants leave to file a second dispositive motion (#94).

[3]     The court screened plaintiff's amended complaint (#5).  The court granted plaintiff leave to file a third amended complaint (#38) which is nearly identical to the amended complaint.

plaintiff's claims (#95).

Plaintiff alleges that since 2006, he has suffered from severe back pain that causes numbness and spasms in his lower extremities (#38, p. 5). Plaintiff claims that delay in treatment caused him to "suffer needlessly." *Id.* at 6. In count I, plaintiff alleges the following claims against each defendant. First, plaintiff alleges that defendant Martin "refused to see plaintiff or treat plaintiff." Second, plaintiff alleges defendant Mar denied plaintiff's request to see a specialist. Third, plaintiff alleges that defendant Koehn prescribed improper medication to treat plaintiff. Fourth, plaintiff alleges that defendant Brackbill did not ensure that plaintiff received proper treatment. Fifth, plaintiff alleges that defendant Jacobs had a duty to ensure that plaintiff received treatment and defendant allowed plaintiff to go for months without treatment. Sixth, plaintiff alleges that defendant McDaniel is responsible for the treatment of all prisoners at ESP and that defendant did not properly respond to plaintiff's grievances. Seventh, plaintiff alleges that defendant Skolnik did not properly respond to plaintiff's complaints about his medical care. Lastly, plaintiff alleges that defendant Bannister failed to properly correct the problem and respond to plaintiff's grievances. *Id.* at 6-11. Plaintiff seeks an injunction ordering defendants to send plaintiff to a specialist, and seeks compensatory damages. *Id.* at 11.

The court now recounts the treatment plaintiff received at ESP. On May 28, 2008, nursing staff examined plaintiff and noted that plaintiff complained that his "back has been out for two years" (#96, Ex. D, p. 021-022 (*sealed*)). Nursing staff recommenced leg exercises for plaintiff and referred him to a provider. *Id.* On June 8, 2008, plaintiff refused sick call. *Id.* at 021. On August 21, 2008, defendant Mar examined plaintiff and determined that plaintiff had a normal range of motion in his back. *Id.* Defendant Mar prescribed a muscle relaxer and stretching exercises for plaintiff's pain and spasms. *Id.* at Ex. E, p. 018. Defendant Mar also recommend that plaintiff take Tylenol. *Id.* On September 15, 2008, defendant Martin examined plaintiff and ordered laboratory tests for plaintiff (#96, Ex. D, p. 020; Ex. E, p. 018 (*sealed*)). On October 3, 2008, the nursing staff again responded to plaintiff's complaints of cramps in his legs (#96, Ex. D, p. 020 (*sealed*)). The nursing staff scheduled plaintiff to see a physician and provided plaintiff with benadryl. *Id.*

From October 2008 through January 2010, defendants Martin, Mar, and Koehn examined plaintiff several times and provided him with prescription and non-prescription medication for his back pain and leg cramps. *Id.* at pp. 014-020; Ex. E, p. 012. On February 5, 2010, defendant Koehn examined plaintiff and determined that he may be malingering regarding his leg spasms. *Id.* at Ex. D, p. 011. On March 5, 2010, defendant Koehn noted that the spasm in plaintiff's calf appeared to be self-induced. *Id.* at p. 010. Plaintiff continued to complain of muscle pain and leg spasms despite continuing to take his medication. Thus, on October 7, 2010, defendant Martin examined plaintiff and consulted with defendant Koehn who ordered plaintiff be brought to the infirmary for observation related to the chronic nature of his muscle cramps. *Id.* at p. 004. On October 12, 2010, defendant Koehn informed plaintiff that the prescription medication for his muscle spasms "was inappropriate for his management." *Id.* at p. 003. The nursing staff and defendant Koehn examined plaintiff three times after this date and there was no evidence of leg spasms or cramping. *Id.* at pp. 002-003.

Defendants filed the instant motion seeking summary judgment on all remaining claims (#95). Defendants claim that plaintiff did not have a serious medical need and that defendants did not act with deliberate indifference when they evaluated plaintiff numerous times and provided treatment for his back pain, muscle spasms, and leg cramping (#95, p. 5). Further, defendants state that the suit against defendants in their official capacities should be dismissed, that defendants should be entitled to qualified immunity, and that summary judgment should be granted in favor of defendants Skolnik and McDaniel because they did not personally participate in plaintiff's medical care. *Id.* at 6-8. Lastly, defendants argue that injunctive relief is mooted by plaintiff's relocation back to Iowa. *Id.* at 8-9.

In his opposition, plaintiff argues that defendants were deliberately indifferent to his serious medical need (#99, p. 2).[4] Plaintiff admits that defendants treated him but claims that the treatment was ineffective and painful. *Id.* at 4. Plaintiff alleges that defendant Koehn removed plaintiff from

---

[4] Plaintiff attempts to argue that defendant Koehn retaliated against plaintiff (#99, p. 2). The court will not consider new claims that plaintiff raises for the first time in his opposition. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

the "diet line." *Id.* at 5. Plaintiff also claims that defendants Bannister, Brackbill, and Jacobs denied his grievances regarding his medical treatment. *Id.* Lastly, plaintiff states that despite letters he wrote to defendants Skolnik and McDaniel, they failed to correct the problem. *Id.*

In reply, defendants assert that plaintiff cannot demonstrate deliberate indifference because defendants evaluated plaintiff numerous times and concluded that their previous attempts to treat plaintiff did not alleviate plaintiff's symptoms (#100, p. 3). Defendants determined that plaintiff needed to lose weight and perform strengthening exercises. *Id.* at 2. Additionally, defendant Koehn believed that plaintiff may be malingering, which indicates that plaintiff did not have a serious medical need. *Id.* at 2-3. Defendants contend that plaintiff's disagreement with their course of treatment is insufficient to prove deliberate indifference. *Id.* at 3-4. Finally, defendants state that defendants Bannister, Brackrill, Jacobs, Skolnik, and McDaniel did not violate plaintiff's constitutional rights because plaintiff cannot establish supervisory liability in this case. *Id.* at 5.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

[W]e must distinguish between evidence of disputed facts and disputed

> matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial.  *Anderson*, 477 U.S. at 248.  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

## B.   Analysis

Plaintiff brings suit against defendants and alleges that refusing to allow him to visit a specialist, and allegedly prescribing improper medication constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment (#38, pp. 4-11).  Defendants claim that plaintiff did not have a serious medical need and that they did not act with deliberate indifference when they evaluated plaintiff numerous times and provided treatment for his back pain, muscle spasms, and leg cramps (#95, p. 5).  Further, defendants state that claims against defendants in their official capacities should be dismissed, that defendants should be entitled to qualified immunity, and that summary judgment should be granted in favor of defendants Skolnik and McDaniel because they did not personally participate in plaintiff's medical care.  *Id.* at 6-8.  Lastly, defendants argue that injunctive relief is mooted by plaintiff's relocation back to Iowa.  *Id*. at 8-9.

1.      **Deliberate Indifference to Serious Medical Need**s

A prisoner's claim of inadequate medical care arises under the Eighth Amendment.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991).  A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need.  *Farmer*, 511 U.S. at 834.

The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  In this circuit, examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other."  *Id.* at 836.  To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate-patient.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Moreover, "mere delay of surgery,

6

without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *accord McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

Further, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). However, a prisoner can establish that such a difference of opinion amounted to deliberate indifference where "the course of treatment the doctors chose was medically unacceptable under the circumstances," and such a course of treatment was chosen "in conscious disregard of an excessive risk to the prisoner's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Williams v. Vincent*, 508 F.2d 541, 543-44 (2d Cir. 1974) (holding that inmate stated a claim for deliberate indifference where prison medical staff threw away the inmate's severed ear, told the inmate that 'he did not need [it],' and made no effort to reattach it")).

Defendants Mar, Martin, and Koehn

Here, defendants' position is that plaintiff fails to demonstrate a serious medical need (#95, p. 5). Defendants state that plaintiff's muscle spasms are not serious and that defendant Koehn opined that plaintiff might be malingering. *Id*. at 6; Ex. D, p. 011 (*sealed*). Plaintiff describes his pain as excruciating and states that he experiences severe cramping (#38, pp. 4-5; #99, p. 7, Ex. A). If plaintiff accurately describes his condition and experience of pain, his pain may rise to the level of chronic and substantial pain indicative of a serious medical condition. Accordingly, the court declines to grant summary judgment on the ground that plaintiff did not have a serious medical need, as plaintiff's level of pain and the extent of the impact of his condition remain open questions.

Next, defendants argue that plaintiff fails to demonstrate any evidence constituting deliberate indifference to plaintiff's medical needs (#95, p. 6). The court agrees. Defendants Martin, Mar, Koehn, and the nursing staff examined and treated plaintiff approximately twenty-eight times from January 2008 through October 2010 (#96, Ex. D, pp. 002-023 (*sealed*)). The record demonstrates that ESP medical staff employed a range of treatments to address plaintiff's

ongoing complaints of muscle pain and leg cramps. These multiple attempts to treat plaintiff's condition demonstrate that defendants were not deliberately indifferent to plaintiff's medical need by denying, delaying, or interfering with his treatment. *See Hunt v. Dental Dept.* 865 F.2d 198, 201 (9th Cir. 1989).

Plaintiff claims that defendant Mar was deliberately indifferent when he denied plaintiff's request to see a medical specialist (#38, p. 7). Defendant Mar treated plaintiff and prescribed medication for plaintiff's chronic lower back pain (#96, Ex. I; Ex. D, pp. 004, 012, 015, 021 (*sealed*)). Defendant Mar also determined that plaintiff needed to lose weight and continue stretching exercises which would help relieve the pain. Defendant Mar concluded that a neurological exam was not necessary. *Id*. at Ex. I, p. 2. Plaintiff states that defendant Mar did not give him any pain medication the last time plaintiff saw him (#99, p. 8). Defendant Mar and other ESP physicians determined that the pain medication did not alleviate plaintiff's symptoms, and that he needed to lose weight and exercise (#96, Ex. I, (*sealed*)). A difference of opinion regarding the appropriate course of medical treatment does not amount to deliberate indifference to serious medical needs. *See Jackson*, 90 F.3d at 332. Plaintiff's opposition raises no material facts that would preclude summary judgment as to defendant Mar.

Plaintiff claims that defendant Martin refused to see plaintiff or treat him (#38, p. 6). This is unsupported by the record before the court. On several occasions, defendant Martin examined plaintiff and treated him by ordering laboratory tests and evaluating plaintiff's muscle tone (#96, Ex. D, pp. 006, 010, 016, 018, 019, 020 (*sealed*)). Defendant Martin recommended back strengthening exercises and assessed that plaintiff's ability to sit and stand without difficulty. Plaintiff fails to raise a genuine issue of material fact as to whether defendant Martin was deliberately indifferent to plaintiff's serious medical needs.

Plaintiff alleges that defendant Koehn improperly treated plaintiff (#38, p. 7). Plaintiff claims that defendant Koehn "stopped the ibuprofen and muscle relaxant" and refused to allow plaintiff to see a neurologist. *Id*. at 8. Based on plaintiff's medical record and defendant Koehn's affidavit, defendant Koehn noted that plaintiff self-induced leg spasms and also that the muscle

relaxants were not improving plaintiff's cramping (#96, Ex. H (*sealed*)).  Defendant determined that "the risks associated with those type of prescriptions outweigh any benefit to [plaintiff]."  *Id.* at 2.  Plaintiff may disagree with defendant Koehn's treatment plan but this alone is insufficient to demonstrate deliberate indifference.  *See Jackson*, 90 F.3d at 332.  There is no evidence that defendant Koehn chose a course of treatment "in conscious disregard of an excessive risk to [plaintiff's] health."  *Id.*  Plaintiff fails to raise a genuine issue of material fact as to whether defendant Koehn was deliberately indifferent to plaintiff's serious medical needs.

Defendants Mar, Martin, and Koehn were not deliberately indifferent to plaintiff's medical needs.  Evidence shows that defendants responded to plaintiff's requests for care, examined him, and treated his condition accordingly.  Plaintiff's disagreement with defendants' treatment of his back pain and leg cramps is not evidence of deliberate indifference.  Plaintiff presents no evidence of defendants' alleged deliberate indifference to his medical needs, nor does he demonstrate any factual issues concerning whether the defendants were deliberately indifferent.  The court recommends that defendants' motion for summary judgment on this claim be granted.

Defendants Brackbill, Jacobs, and Bannister

Plaintiff argues that defendants Brackbill, Jacobs, and Bannister violated his Eighth Amendment rights when they failed to ensure that he received adequate treatment even after plaintiff filed grievances.  However, the court's review of plaintiff's medical record shows that these defendants were not personally involved in plaintiff's medical treatment.  Defendants Brackbill, Jacobs, and Bannister's only involvement was responding to plaintiff's grievances (#95, Ex. J).  Plaintiff does not allege that these defendants participated in his medical appointments, conducted any examinations of plaintiff, or consulted with other defendants regarding plaintiff's medical condition or care.  Moreover, because the court has determined that defendants Mar, Martin, and Koehn were not deliberately indifferent to plaintiff's medical needs, defendants Brackbill, Jacobs, and Bannister did not violate plaintiff's constitutional rights by denying his grievances requesting to see a specialist.  *Id.*

Finally, inmates are not entitled to a specific grievance procedure.  *Ramirez v. Galaza*, 334

F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)), *cert. denied* 541 U.S. 1063 (2004); *see also Lomolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison official's denial of a grievance cannot be  grounds for liability under section 1983). Moreover, defendants argue that defendants' Brackbill, Jacobs, and Bannister's responses to plaintiff's grievance were appropriate. The court agrees.   Therefore, summary judgment should be granted as to defendants Brackbill, Jacobs, and Bannister.

### 2.     Supervisory Liability - Defendants Skolnik and McDaniel

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding it is proper to dismiss where there are no allegations of knowledge of or participation in an alleged violation).  Additionally, inmates are not entitled to a specific grievance procedure.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)), *cert. denied* 541 U.S. 1063 (2004); *see also Lomolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison official's denial of a grievance cannot be  grounds for liability under section 1983).

Plaintiff alleges that he sent defendants Skolnik and McDaniel many letters regarding his medical treatment and they failed to correct the problem (#99, p. 5).  Plaintiff does not offer any evidence to suggest that defendants Skolnik and McDaniel engaged in any specific acts that violated plaintiff's constitutional rights or failed to investigate any of their employees' acts that may have violated plaintiff's constitutional rights.  Rather, plaintiff's claims appear to stem from his belief that these defendants are liable as supervisors.  Defendants Skolnik and McDaniel attest to the fact that they were not involved in plaintiff's medical treatment (#95, Exs. K; L).

Therefore, the court recommends that summary judgment be granted in favor of defendants Skolnik and McDaniel due to their lack of personal participation in plaintiff's alleged constitutional violations.

### 3. Eleventh Amendment Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another State." U.S. Const. amend XI.  The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Since the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

In his complaint, plaintiff names defendants Brackbill and Bannister in their official and individual capacities (#38).  Plaintiff requests injunctive relief allowing him to see a specialist and seeks compensatory damages. *Id.* at 11.  As the court recommends summary judgment on the Eighth Amendment claim, plaintiff's request for injunctive relief is moot.[5]  Further, it is clear that defendants cannot be sued in their official capacities for money damages. *Bank of Lake Tahoe*, 318 F.3d at 918.  Therefore, the court recommends summary judgment for defendants in their official capacities for all monetary claims for relief.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated that defendants were deliberately indifferent to plaintiff's serious medical needs.

---

[5] The court notes that plaintiff's request for injunctive relief is also moot because he has been transferred back to the custody of the Iowa Department of Corrections (#89).  Courts have held that when an inmate is transferred from a correctional institution, a claim for equitable relief is moot because h is no longer subject to the same conditions of confinement. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986); *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).

11

As such, the court recommends that defendants' motion for summary judgment (#95) be **GRANTED**. Further, as plaintiff cannot recover monetary damages from defendants sued in their official capacities, the court recommends summary judgment for all defendants named in their official capacities be **GRANTED**. Finally, defendants Skolnik and McDaniel cannot be held liable for Eighth Amendment claims under a theory of respondeat superior based on letters plaintiff wrote to defendants. Therefore, the court recommends that summary judgment for defendants Skolnik and McDaniel be **GRANTED**. The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#95) be **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment for defendants named in their official capacities (#95) be **GRANTED**.

**IT IS FURTHER ORDERED** that summary judgment for defendants McDaniel and Skolnik due to a lack of personal participation (#95) be **GRANTED**.

**DATED**: July 17, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**