**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| SPENCER PIERCE, | 3:10-cv-00239-ECR-VPC |
| Plaintiff, | **Order** |
| vs. | |
| HOWARD SKOLNIK, et al., | |
| Defendants. | |

On July 18, 2012, the Magistrate Judge filed a Report and Recommendation (#101) recommending that Defendants' Motion for Summary Judgment (#95) on Plaintiff's one remaining Eighth Amendment claim for deliberate indifference to serious medial needs, filed on March 20, 2012, be granted. Plaintiff filed Objections (#102) on August 10, 2012, and Defendants their Opposition (#103) on August 14, 2012.

The Objections are not well-taken and are overruled. We agree with the Magistrate Judge that the evidentiary record conclusively establishes that Defendants did not act with deliberate indifference to Plaintiff's serious medical needs, a necessary element of his Eighth Amendment claim, as to Defendants Mar, Martin, and Koehn. The record establishes that these Defendants provided Plaintiff with ample care, treating him approximately twenty-eight times from January 2008 through October 2010 and employing a range of treatments to address Plaintiff's ongoing complaints. A difference of opinion regarding the

appropriate course of medical treatment does not amount to deliberate indifference to serious medical needs. <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

With regard to Defendants Brackbill, Jacobs, and Bannister, the record shows that they were not involved in Plaintiff's medical treatment. Moreover, because we find that Defendants Mar, Martin, and Koehn were not deliberately indifferent to Plaintiff's medical needs, Defendant Brackbill, Jacobs, and Bannister did not violate Plaintiff's constitutional rights by denying his grievances requesting to see a specialist.

Defendants Skolnik and McDaniel cannot be held liable as supervisors under 42 U.S.C. § 1983 where there are no allegations their knowledge of or alleged participation in the alleged violation. <u>Ortez v. Wash. Cty., State of Or.</u>, 88 F.3d 804, 809. Moreover, even if section 1983 did allow for respondeat superior liability, which it does not, we have found that there was no underlying constitutional violation.

As to Plaintiff's Objections (#102), Plaintiff cannot raise a First Amendment claim for retaliation for the first time in a response to a motion for summary judgment. Plaintiff has been afforded ample opportunity to amend the complaint. Furthermore, Plaintiff's assertion that treatment by the Iowa Department of Corrections shows muscle deterioration does not create a genuine issue of material fact as to the deliberate indifference by Defendants in Nevada, in light of the overwhelming evidence that Defendants treated Plaintiff on numerous occasions with numerous courses of treatment. Again, a difference of opinion regarding the appropriate course of medical

treatment does not amount to deliberate indifference to serious medical needs. <u>Jackson</u>, 90 F.3d at 332.

Finally, Defendants Brackbill and Bannister cannot be sued in their official capacities for money damages, <u>Bank of Lake Tahoe v. Bank of Am.</u>, 318 F.3d 914, 918 (9th Cir. 2003), and therefore summary judgment for Defendants in their official capacities for all monetary claims for relief is appropriate. Further, Plaintiff's request for injunctive relief must be denied because we dismiss Plaintiff's underlying claim; further, Plaintiff's request is moot in light of his transfer back to the custody of the Iowa Department of Corrections.

**IT IS, THEREFORE, HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (#101) is well taken and is **APPROVED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (#95) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: September 25, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

3