UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPENCER PIERCE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOWARD SKOLNIK, et al.,<br><br>　　　　　Defendants. | Case No. 3:10-cv-00239-MMD-VPC<br><br>ORDER |

　　　In its January 2, 2014, memorandum disposition, the Ninth Circuit reversed the Court's decision to decline to consider Plaintiff's allegation that defendant Michael Koehn retaliated against him for filing grievances. (Dkt. no. 111.) The Ninth Circuit remanded with instruction to address Plaintiff's retaliation claim and provide him with the opportunity to amend if needed.

　　　Count I of Plaintiff's Third Amended Complaint contains a single sentence that references Koehn's alleged action against Plaintiff for filing grievances. In particular, Plaintiff alleges that Defendant Koehn "stopped the ibuprofen and muscle relaxant, had plaintiff removed to the infirmary, where he threaten plaintiff for complaints and filing grievances." (Dkt. no. 38 at 8.) Plaintiff further alleges that Koehn stopped referrals to an orthopedic and neurologist from being processed and stopped medications for diabetics and high cholesterol "out of retaliation." (*Id.*)

　　　"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1113-

1114 (9th Cir. 2012). To establish a claim for retaliation, a plaintiff must allege five essential elements: (1) plaintiff engaged in protected conduct (i.e., filing an inmate grievance); (2) defendant took adverse action against plaintiff; (3) there is a causal connection between the adverse action and the protected conduct; (4) defendant's "acts would chill or silence a person of ordinary firmness from future First Amendment activities"; and (5) the "retaliatory action did not advance legitimate goals of the correctional institution." *Id.*, quoting *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) & *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). To satisfy the last element, allegations that defendant's action was "arbitrary and capricious" or was "unnecessary to the maintenance of order in the institution" will suffice. *Id.* at 1114-15, *quoting Rizzo, id.* & *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

The Court cannot determine from Plaintiff's reference to Koehn's actions with respect to his complaints and grievance filings whether he can allege sufficient facts to support a claim for retaliation under the First Amendment. Plaintiff will be given leave to file a fourth amended complaint to allege a claim for retaliation to meet the five (5) essential elements referenced above. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain allegations against the sole remaining defendant, Michael Koehn, to support Plaintiff's retaliation claim under the First Amendment. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Fourth Amended Complaint."

///

It is therefore ordered that Plaintiff has thirty (30) days to file a fourth amended complaint. The Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his Third Amended Complaint (dkt. no. 38).

DATED THIS 13th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE